

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

**MICHAEL VANUNU**
Partner
(516) 357-3337
michael.vanunu@rivkin.com

September 6, 2024

**Via ECF**
Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Government Employees Ins. Co., et al. v. Puzaitzer, et al.*
            Docket No.: 1:23-cv-07465-DLI-VMS

Dear Magistrate Judge Scanlon:

      As the Court is aware, this firm represents Plaintiffs (collectively, "Plaintiffs" or "GEICO") in the above-referenced matter. Plaintiffs, jointly with counsel for the appearing defendants Alex Puzaitzer ("Puzaitzer"), Irina Zayonts ("I. Zayonts"), Yuri Zayonts ("Y. Zayonts"), Lilia Ishvan ("Ishvan"), and AVL Capital, LLC ("AVL") (collectively, the "Appearing Defendants", and with Plaintiffs, the "Parties"), respectfully submit this status report as discussed at the August 14, 2024, status conference and the Court's Order dated August 21, 2024. See Dkt. Order Dtd. Aug. 21, 2024.

      As discussed at the Aug. 14, 2024, Status Conference, fact discovery is still ongoing. There are certain financial records from previous related-cases that are able to be used in this action but there are other third-party records, along with third-party and party deposition testimony that needs to be conducted here. The Parties are presently finalizing document discovery and are aiming to begin deposition testimony within the next 45 days. The Parties have drafted and attached a proposed amended case management plan, which extends fact discovery an extra approximately 75 days and takes in to account the expected start date for depositions and the various depositions that need to be conducted in this action. The Parties also previously filed a proposed confidentiality order that is filed under Docket No. 27-2, and respectfully request that the Court So Order the joint proposed Confidentiality Order.

      As an update regarding settlement, Plaintiffs have had settlement discussions with the various Defendants. Presently, Plaintiffs and Defendants Puzaitzer, I. Zayonts, and Y. Zayonts (collectively, the "Puzaitzer/Zayonts Defendants") are extremely close to a settlement in principle (subject to an executed written agreement) that will resolve the claims between GEICO and the Puzaitzer/Zayonts Defendants as it relates to this action and multiple other actions within the



September 6, 2024
Page 2

Eastern District. Plaintiffs and counsels for the Puzaitzer/Zayonts Defendants hope to have a settlement in principle within the next two weeks.

Plaintiffs and Defendants Ishvan and AVL (collectively, the "Ishvan Defendants") have also engaged in settlement discussions that relate to this and other actions within the Eastern District. However, counsels do not anticipate a forthcoming settlement between Plaintiffs and the Ishvan Defendants as there is a substantial gap in settlement positions. Plaintiffs and the Ishvan Defendants both remain open to settlement and plan to revisit settlement discussions after conducting more fact discovery in this and the other actions.

Counsels for Plaintiffs and the Ishvan Defendants have also discussed Plaintiffs' anticipated motion to consolidate this action and three (3) other actions within this District that all involve Defendant Gary Grody ("Grody") and the Ishvan Defendants, after Plaintiffs' anticipated settlement with the Puzaitzer/Zayonts Defendants is finalized. Presently, the Ishvan Defendants do not anticipate consenting to such application. Although Plaintiffs still intend to file a motion for consolidation, such motion is premature as a settlement with the Puzaitzer/Zayonts Defendants is not complete.

Lastly, Plaintiffs are not presently going to voluntarily dismiss Grody from this action or the other pending actions within the Eastern District. While Plaintiffs may agree to issue a voluntary dismissal in this action based upon the terms of a settlement with the other defendants, Plaintiffs have not yet settled with any defendants in this action and will only be able to determine whether to issue a voluntary dismissal for Grody after Plaintiffs resolve this action with all of the Appearing Defendants.

Accordingly, the Parties respectfully request that the Court:

(i) Grant the Parties requested extension for discovery as set forth in the attached proposed case management plan; and

(ii) So Order the proposed Confidentiality filed under Docket No. 27-2.

The Parties thank the Court for its attention to this matter.

Very truly yours,

RIVKIN RADLER LLP
/s/ Michael Vanunu
Michael Vanunu

Encl.